# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TONY JIMENEZ, individually and on behalf of others similarly situated,  )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KOHL'S DEPARTMENT STORES, INC. )<br>and KOHL'S CORPORATION, )<br>)<br>Defendants. ) | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Kohl's, Inc.[1] ("Kohl's") and Kohl's Corporation ("Kohl's Corp.") (collectively, "Defendants") hereby remove this action from the Superior Court of Middlesex County, Massachusetts, to the United States District Court for the District of Massachusetts, Eastern Division. In support of this Notice of Removal, Defendants state as follows:

1. On June 10, 2020, Plaintiff Tony Jimenez ("Plaintiff") filed a putative class action complaint against Defendants in the Superior Court of Middlesex County, Massachusetts, captioned *Tony Jimenez v. Kohl's Department Stores, Inc. and Kohl's Corporation*, No. 2081CV01337 (the "State Court Action").

2. Defendants accepted service of the complaint in the State Court Action on June 16, 2020.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendants were served with the initial pleading.

---

[1] Kohl's, Inc. was erroneously named in the Complaint as Kohl's Department Stores, Inc.

4. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, copies of all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Exhibit 1.

5. Plaintiff alleges that Defendants violated the Massachusetts Fair Wages Act, Mass. Gen. Laws c. 151 §§ 1A, 1B, by misclassifying him as exempt from overtime pay and failing to pay him overtime premiums for hours beyond 40 in a workweek. (Compl. ¶¶ 4-5.) He seeks to bring claims on behalf of himself and on behalf of a putative class of assistant store managers at Kohl's stores in Massachusetts. (Compl. ¶ 3.)

## I. Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(a)

6. Pursuant to 28 U.S.C. §§ 1332 and 1441(b), removal is proper because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

7. According to the allegations in the Complaint, Plaintiff is a citizen and resident of Massachusetts. (Compl. ¶ 12.)

8. Kohl's is a Delaware corporation with its headquarters and principal place of business in Wisconsin, and consequently is a citizen of Delaware and Wisconsin. (Compl. ¶ 13.)

9. Kohl's Corp. is a Wisconsin corporation with its headquarters and principal place of business in Wisconsin, and consequently is a citizen of Wisconsin.

10. Because Plaintiff is a citizen of Massachusetts, while Defendants are citizens of Delaware and Wisconsin, there is complete diversity of citizenship.

11. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

Error! Unknown document property name.

12. Plaintiff alleges he is seeking "unpaid overtime wages, and penalty wages" (treble damages), attorneys' fees, interest, costs, and "[i]njunctive relief in the form of an order directing Defendants to comply with state law." (Compl. Demand for Relief.)  Because the Massachusetts wage law under which Plaintiff brings his claims provides for recovery of attorneys' fees to a successful plaintiff, attorneys' fees are considered when assessing the amount in controversy, in addition to the allegedly unpaid wages, penalty damages, costs, and injunctive relief that Plaintiff is seeking.

13. Plaintiff alleges he was "schedule[d]…to work 45 hours or more each week (over 50 during holiday seasons), but…regularly work[ed] 50-60 hours per week" and was not paid any overtime.  (Compl. ¶ 2.)  He alleges he should have been paid overtime but was misclassified as exempt.  (Compl. ¶ 4.)

14. As an assistant store manager ("ASM"), Plaintiff's weekly salary in 2016 was $1,017.86, his weekly salary was $1,055.08 in 2017, and his weekly salary was $1,078.00 in 2018.  If Plaintiff assumes that the salary was meant to compensate him for 45 hours of work during each workweek, calculates his regular rate of pay by dividing the weekly salary by the 45 hours, seeks overtime wages at 0.5 times the regular rate of pay for the first 5 hours of alleged overtime worked each week (i.e. between 40-45 hours) and 1.5 times the regular rate of pay for every additional overtime hour he allegedly worked each week (i.e. every hour over 45 hours), and then multiplies such alleged respective overtime rate by the number of hours of alleged overtime worked each week (ranging from 10-20 alleged hours), then multiples that number by the total workweeks that he was employed as an ASM during each respective year (June 24,

3

2016 to July 8, 2018), and applies treble damages, then the alleged range of damages sought by Plaintiff would be as follows:[2]

|  | 50 Hours Worked Per Workweek (10 OT Hour Per Week) | 55 Hours Worked Per Workweek (15 OT Hour Per Week) | 60 Hours Worked Per Workweek (20 OT Hour Per Week) |
|---|---|---|---|
| 2016 | $18,321.48 | $32,062.59 | $45,803.75 |
| 2017 | $36,576.11 | $64,008.19 | $91,440.27 |
| 2018 | $19,404 | $33,957 | $48,510 |
| Total | $74,301.59 | $130,027.78 | $185,754.02 |

15.  According to publicly filed documents, attorney Shannon Liss-Riordan charges $850 per hour.  Exhibit 2, Motion for Attorneys' Fees, Costs, Expenses, and Incentive Awards in *O'Connor v. Uber Technologies, Inc.* at 16.

16.  According to publicly filed documents, attorney Richard Hayber charges more than $285 per hour.  Exhibit 3, Decl. of Richard E. Hayber in *Olender v. The Clark Companies, N.A.* at ¶ 12 (identifying blended rate including attorney and paralegal time of more than $285).

17.  Accordingly, both the diversity and amount-in-controversy prongs are satisfied, and removal is therefore proper under 28 U.S.C. §§ 1332(a) and 1441(b).

**II.   Venue**

18.  Venue is proper in the District of Massachusetts, Eastern Division, because the State Court Action is pending within the jurisdictional confines of this Court.  28 U.S.C. § 1446(a).

---

[2] Defendants does not waive any arguments or defenses against Plaintiff's claim for or calculation of damages.

**Error! Unknown document property name.**

19. Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff and the Superior Court of Middlesex County.

WHEREFORE, Defendants hereby remove this civil action to this Court on the bases identified above.

Dated:  July 16, 2020

Respectfully submitted,

The Defendants,

**KOHL'S, INC. and KOHL'S CORPORATION,**
By their counsel,

*/s/ William T. Harrington*
William T. Harrington
Harrington Law, P.C..
738 Main Street
Hingham, Massachusetts 02043
Telephone: (781) 385-7230
wharringtonlaw@gmail.com

Joel Griswold (jcgriswold@bakerlaw.com)
(*pro hac vice* forthcoming)
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com)
(*pro hac vice* forthcoming)
BAKER & HOSTETLER LLP
1 North Wacker Drive, Suite 4500
Chicago, Illinois 60606-1901
Telephone: (312) 416-8185

**Error! Unknown document property name.**

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on July 16, 2020, he caused a true copy of the foregoing Notice of Removal to be filed via the Court's CM/ECF system, which will send notice of the filing to all counsel of record. Parties may access the filing through the Court's CM/ECF system.

*/s/ William T. Harrington*